**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 59**

Docket No. CH-3443-06-0582-C-2

**Stephen W. Gingery,**

**Appellant,**

**v.**

**Department of Defense,**

**Agency.**

July 28, 2014

Stephen W. Gingery, Macomb, Michigan, pro se.

Susan L. Lovell, Esquire, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1 The appellant petitions for review of a compliance initial decision that denied his petition for enforcement of a final Board order. For the reasons set forth below, we DENY the petition for review and AFFIRM the initial decision.

BACKGROUND

¶2 This matter, originally brought as a claim under the Veterans Employment Opportunities Act of 1998 (VEOA), has an involved procedural history that includes a 2008 decision by the U.S. Court of Appeals for the Federal Circuit reversing a Board decision and remanding this matter to the Board, which in turn

remanded the case to the administrative judge. *Gingery v. Department of Defense*, [550 F.3d 1347](#) (Fed. Cir. 2008); *Gingery v. Department of Defense*, [112 M.S.P.R. 306](#) (2009). In a remand initial decision, the administrative judge found that the agency violated the appellant's veterans' preference rights and ordered the agency to reconstruct the hiring process for the GS-0511-07/09 Auditor positions at issue in the appellant's VEOA appeal. MSPB Docket No. CH-3443-06-0582-M-1, Remand File, Tab 21, Remand Initial Decision at 2, 8-10. The remand initial decision became the final decision of the Board when neither party petitioned for review.

¶3      Pursuant to the remand initial decision, the agency reconstructed the selection process and made the appellant a tentative offer of employment. MSPB Docket No. CH-3443-06-0582-C-1, Initial Compliance File (C-1 ICF), Tab 3 at 8-10. A dispute then arose regarding the agency's reconstruction process, including the agency's requirement that the appellant obtain a security clearance. *See* C-1 ICF, Tabs 1, 3-5. In a compliance recommendation, the administrative judge recommended that the appellant's petition for enforcement be granted, but she did not address the security clearance issue. C-1 ICF, Tab 9 at 7. In a September 2012 decision, the Board found the agency in compliance and, regarding the appellant's claim that the requirement that he obtain a security clearance was improper, the Board specifically held that "successful completion of a security background check was a requirement of the [Auditor] position at the time the appellant would have been selected." MSPB Docket No. CH-3443-06-0582-X-1, Final Order at 11 (Sept. 18, 2012).

¶4      Thereafter, the appellant filed the instant second petition for enforcement asserting that the agency was in noncompliance because it was requiring him to fill out the security clearance forms as of the date he completed them and not as of the date he would have completed them had he been properly hired in 2006. MSPB Docket No. CH-3443-06-0582-C-2, Initial Compliance File (C-2 ICF), Tab 1 at 10-13. After affording the parties the opportunity to submit evidence

and argument, the administrative judge found in a June 10, 2013 compliance initial decision that the agency was in compliance with the Board's final order and she denied the petition for enforcement. C-2 ICF, Tab 17, Compliance Initial Decision (CID) at 4-9.

¶5        The appellant petitions for review of the compliance initial decision in which he reiterates the argument he made below.[1] PFR File, Tab 1 at 8-11. The agency responds in opposition to the petition for review and the appellant replies to the agency's response. PFR File, Tabs 7, 8.

## ANALYSIS

¶6        As set forth above, the Board previously found that the agency properly could require the appellant to successfully complete a security background check because it was a requirement imposed on all selectees for the Auditor position and was a requirement for the position at the time of the initial veterans' preference violation.[2] *See Gingery v. Department of Defense*, MSPB Docket No.

---

[1] The appellant's petition for review of the June 10, 2013 compliance initial decision was filed 48 days after the July 15, 2013 filing deadline and thus appears to be untimely filed, but the appellant asserts that he did not receive the compliance initial decision until August 2, 2013, and thus his petition for review was timely filed. Petition for Review (PFR) File, Tab 1 at 5; CID at 1, 9. In light of our decision in this matter, we need not resolve the timeliness of the appellant's petition for review. *See Vigil v. Department of the Army*, 63 M.S.P.R. 384, 388 (1994) (finding that the Board did not need to decide an issue where the decision would not affect the outcome of the appeal).

[2] In his petition for review, the appellant argues that the agency failed to show that all selectees were required to complete the background check process, PFR File, Tab 1 at 6-7, 11, but, in the 2012 decision addressing the appellant's previous petition for enforcement, the Board specifically found that a security background check was a requirement imposed on all selectees for the Auditor position and was a requirement for the position at the time of the initial veterans' preference violation. *Gingery v. Department of Defense*, MSPB Docket No. CH-3443-06-0582-X-1, Final Order at 11 (Sept. 18, 2012) (under the law of the case doctrine, a decision on an issue of law made at one stage of a proceeding becomes a binding precedent to be followed in successive stages of the same litigation).

CH-3443-06-0582-X-1, Final Order at 11 (Sept. 18, 2012). The record includes a statement made under penalty of perjury from an agency Security Officer explaining that information on the agency security form[3] "must be true, accurate, up-to-date, and current as of the date that the form is completed." C-2 ICF, Tab 12 at 9. According to the agency Security Officer, this requirement is indicated on the form and in the instructions. *Id.* The essence of the appellant's argument is that, because he should have been appointed to the Auditor position in 2006 but for the agency's violation of his veterans' preference rights, he is entitled to an exception to the agency's usual pre-appointment process.

¶7        Where the Board finds a violation of an individual's veterans' preference rights, the Board's authority is to order the agency to restore the individual to the status quo ante; in other words, to the same position that he would have been in had the veterans' preference violation not occurred. *Lodge v. Department of the Treasury*, 107 M.S.P.R. 22, ¶ 16 (2007). Where, as here, the reconstruction of the hiring process shows that the appellant would have been selected but for the veterans' preference violation, status quo ante relief means that the agency must offer the appellant the original position sought or, as near as possible, a substantially equivalent position. *See Dow v. General Services Administration*, 117 M.S.P.R. 616, ¶ 15 (2012).

¶8        Having met its obligation to offer the appellant in this matter the Auditor position he originally sought, we discern no reason that the agency may not subject the appellant to the same pre-appointment process as other employees. In *Dow*, for example, the Board held that the agency in that case was permitted to require a retroactively appointed individual to undergo the same suitability

---

[3] The agency refers to the form as a Standard Form 86, which is a questionnaire for national security positions.

investigation as it required of all agency employees.[4]  *Id.*, ¶ 14.  This holding is consistent with the well-established principle that status quo ante relief does not entitle an appellant to be placed in a better position than he would have enjoyed had the personnel action not occurred.  *See, e.g.*, *Sink v. Department of Energy*, 110 M.S.P.R. 153, ¶ 19 (2008).  Accordingly, the administrative judge correctly found that by offering the appellant an appropriate position and applying the generally applicable pre-appointment process, the agency was in compliance with the Board's final order and properly denied the appellant's petition for enforcement.

## ORDER

¶9        This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[4] The Board made clear in *Dow* that the agency could not impose a background investigation requirement on an individual appointed retroactively to a time when such inquiries were not conducted for candidates for the position to which the individual was appointed.  *Dow*, 117 M.S.P.R. 616, ¶¶ 12-13.  That holding has no application to the instant case because, as discussed above, the background investigation requirement imposed on the appellant was consistent with the requirement imposed on all candidates for the Auditor position.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.